| | |
|---|---|
| Jason M. Drangel (JD 7204)<br>jdrangel@ipcounselors.com<br>Ashly E. Sands (AS 7715)<br>asands@ipcounselors.com<br>Danielle S. Futterman (DY 4228)<br>dfutterman@ipcounselors.com<br>Gabriela N. Nastasi<br>gnastasi@ipcounselors.com<br>EPSTEIN DRANGEL LLP<br>60 East 42nd Street, Suite 1250<br>New York, NY 10165<br>Telephone:   (212) 292-5390<br>Facsimile:   (212) 292-5391<br>*Attorneys for Plaintiff*<br>*Mattel, Inc.* | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 10/07/2022 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MATTEL, INC.,

*Plaintiff*

v.

AGOGO STORE, ALL NIGHT REVELRY STORE, BABELOVE STORE, BCAA STORE, BRILLIANT PARTY LIFE STORE, CHILDHOOD WORLD TOY STORE, CHIYOU TOY STORE, DIBAOLUN OFFICIAL STORE, DINOSAURMODEL TOY STORE, DREAMY DOLLS TOY STORE, EAMON'S PARTY STORE, EDUCATION FUN TOY STORE, FAIRYTALE WORLD STORE, FOSHAN 3C TRENDS TECHNOLOGY LTD., CO., FUJIAN FENGYU SICHUANG TRADE CO., LTD., FUNNY HOUR STORE, FUZHOU JOINED IMPORT & EXPORT CO., LTD., GUANGZHOU AMINA CRAFT CO., LTD., GUANGZHOU DADIOUS BABY CO., LTD., GUANGZHOU DONG YANG SILICONE PRODUCTS CO., LTD., GUANGZHOU DURCASE WIRELESS CO., LTD., GUANGZHOU FENQI LEATHER CO., LTD., GUANGZHOU HAIZHU DISTRICT QIQI GARMENT FACTORY, GUANGZHOU JIANYUAN ELECTRONIC TECHNOLOGY CO., LTD., GUANGZHOU TECSNN COMPANY LTD., HAPPY BABYS STORE,

CIVIL ACTION No. 22-cv-2388 (VEC)

[PROPOSED] FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION ORDER FOR DEFENDANT KOPTUR STORE

HAPPYFESTDU STORE, HENAN CHAO LIU INDUSTRIAL CO., LTD., HENAN RAINCOMING IMPORT AND EXPORT TRADING CO., LTD., KOPTUR STORE, LILIAHE OFFICIAL STORE, MAGICAL PARTY STORE, MAGICTOYWORLD STORE, MATTELS TOY STORE, MATTELS TOY WORLD STORE, MOOMBAR STORE, MUZI ANIME TOY STORE, NAN 'AN MEISHAN TOWN XINGCAI EMBROIDERY FACTORY, NINGBO TONSIN CRAFTS COMPANY LIMITED, NINGRUI (XIAMEN) TRIMMINGS CO., LTD., PLAYJOY STORE, QUANZHOU HAPPY BROTHERS TRADING CO., LTD., QUANZHOU YAER ELECTRONIC COMMERCE CO., LTD., SHANTOU CHENGHAI HUIYE TOY CO., LTD., SHANTOU CHENGHAI XTH TOYS CO., LTD., SHENZHEN DINGTU ELECTRONIC TECHNOLOGY CO., LTD., SHENZHEN DONGYUAN PLASTIC & METAL PRODUCTS MANUFACTURER, SHENZHEN FANJIN ELECTRONIC COMMERCE CO., LTD., SHENZHEN HMT TECHNOLOGY LTD., CO., SHENZHEN HUIHUAN TRADE DEVELOPMENT CO., LTD., SHENZHEN LANDFUL TEXTILE & TRADING CO., LTD., SHENZHEN LINGRUIYI TECHNOLOGY DEVELOPMENT CO., LTD., SHENZHEN MIDCASE TECHNOLOGY CO., LTD., SHENZHEN TIANYIJIAN TECHNOLOGY CO., LTD., SHENZHEN TOMSAN TECHNOLOGY CO., LTD., SHENZHEN ZERY TRADE CO., LTD., SHOP910336018 STORE, SIGADE TOY STORE, SIMCASTLE STORE, SMARTOY STORE, SO SO BEAUTIFUL TOY STORE, TIK TOK STORE, TOBAY TOY STORE, YIWU CUMAI ELECTRONIC COMMERCE CO., LTD., YIWU EASTGATE TRADING CO., LTD., YIWU F AND J JEWELRY CO., LTD., YIWU JINGUI TRADING CO., LTD., YIWU LONGLUU IMP AND EXP FIRM, YIWU MAOKAI IMPORT & EXPORT CO., LTD., YIWU YAFEINI JEWELRY CO., LTD., YIWU YUNBU IMPORT AND EXPORT CO., LTD., YIWU YUYUN TRADING CO., LTD., ZHOUKOU ZHENYA ARTS AND CRAFTS CO., LTD. and ZIBO HONGBANG INTERNATIONAL TRADE CO., LTD.,

*Defendants*

# GLOSSARY

| Term | Definition | Docket Entry Number |
|---|---|---|
| **Plaintiff or Mattel** | Mattel, Inc. | N/A |
| **Defendants** | Agogo Store, All Night Revelry Store, Babelove Store, BCAA Store, Brilliant Party Life Store, Childhood world toy Store, ChiYou Toy Store, DIBAOLUN Official Store, DinosaurModel Toy Store, Dreamy Dolls Toy Store, Eamon's party Store, Education Fun Toy Store, Fairytale world Store, Foshan 3C Trends Technology Ltd., Co., Fujian Fengyu Sichuang Trade Co., Ltd., Funny Hour Store, Fuzhou Joined Import & Export Co., Ltd., Guangzhou Amina Craft Co., Ltd., Guangzhou Dadious Baby Co., Ltd., Guangzhou Dong Yang Silicone Products Co., Ltd., Guangzhou Durcase Wireless Co., Ltd., Guangzhou Fenqi Leather Co., Ltd., Guangzhou Haizhu District Qiqi Garment Factory, Guangzhou Jianyuan Electronic Technology Co., Ltd., Guangzhou Tecsnn Company Ltd., Happy babys Store, HAPPYFESTDU Store, Henan Chao Liu Industrial Co., Ltd., Henan Raincoming Import And Export Trading Co., Ltd., Koptur Store, Liliahe Official Store, Magical Party Store, MagicToyWorld Store, Mattels Toy Store, Mattels Toy World Store, Moombar Store, MUZI Anime Toy Store, Nan 'an Meishan Town Xingcai Embroidery Factory, Ningbo Tonsin Crafts Company Limited, Ningrui (Xiamen) Trimmings Co., Ltd., PLAYJOY Store, Quanzhou Happy Brothers Trading Co., Ltd., Quanzhou Yaer Electronic Commerce Co., Ltd., Shantou Chenghai Huiye Toy Co., Ltd., Shantou Chenghai XTH Toys Co., Ltd., Shenzhen Dingtu Electronic Technology Co., Ltd., Shenzhen Dongyuan Plastic & Metal Products Manufacturer, Shenzhen Fanjin Electronic Commerce Co., Ltd., Shenzhen Hmt Technology Ltd., Co., Shenzhen Huihuan Trade Development Co., Ltd., Shenzhen Landful Textile & Trading Co., Ltd., Shenzhen Lingruiyi Technology Development Co., Ltd., Shenzhen Midcase Technology Co., Ltd., Shenzhen Tianyijian Technology Co., Ltd., Shenzhen Tomsan Technology Co., Ltd., Shenzhen Zery Trade Co., Ltd., Shop910336018 Store, Sigade Toy Store, SimCastle Store, SMARTOY Store, So So Beautiful Toy Store, TIK TOK Store, Tobay Toy Store, Yiwu | N/A |

|  |  |  |
|---|---|---|
|  | Cumai Electronic Commerce Co., Ltd., Yiwu Eastgate Trading Co., Ltd., Yiwu F And J Jewelry Co., Ltd., Yiwu Jingui Trading Co., Ltd., Yiwu Longluu Imp And Exp Firm, Yiwu Maokai Import & Export Co., Ltd., Yiwu Yafeini Jewelry Co., Ltd., Yiwu Yunbu Import And Export Co., Ltd., Yiwu Yuyun Trading Co., Ltd., Zhoukou Zhenya Arts And Crafts Co., Ltd. and Zibo Hongbang International Trade Co., Ltd. |  |
| **Defaulting Defendant** | Koptur Store | N/A |
| **Alibaba** | Alibaba.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York | N/A |
| **AliExpress** | Aliexpress.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York | N/A |
| **Sealing Order** | Order to Seal File entered on March 23, 2022 | Dkt. 1 |
| **Complaint** | Plaintiff's Complaint filed on March 24, 2022 | Dkt. 6 |
| **Application** | Plaintiff's *Ex Parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery filed on November 20, 2020 | Dkts. 11, 13 |
| **Delanty Dec.** | Declaration of Lisa Delanty in Support of Plaintiff's Application | N/A |
| **Nastasi Dec.** | Declaration of Gabriela N. Nastasi in Support of Plaintiff's Application | Dkt. 13 |

| TRO | 1) Temporary Restraining Order; 2) Order Restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) Order to Show Cause Why a Preliminary Injunction Should Not Issue; 4) Order Authorizing Bifurcated and Alternative Service; and 5) Order Authorizing Expedited Discovery entered on March 25, 2022 | Dkt. 16 |
|---|---|---|
| **PI Order** | April 27, 2022 Preliminary Injunction Order | Dkt. 21 |
| **User Account(s)** | Any and all websites and any and all accounts with online marketplace platforms such as Alibaba and AliExpress, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Barbie Products** | A vast range of commercial products including dolls, playhouses, toy cars, books, movies, games, puzzles and clothing sold under the Barbie brand | N/A |
| **Barbie Marks** | U.S. Trademark Registration Nos.: 689,055 for "BARBIE" for a variety of goods in Class 28; 2,678,386 for "BARBIE" for a variety of goods in Classes 3, 6, 8, 9, 11, 12, 14, 16, 18, 20, 21, 24, 25, 26, 27, 28 and 30; 2,087,842 for "*Barbie*" for a variety of goods in Class 28; 2,639,971 for "*Barbie*" for a variety of goods in Class 25 and 28; 774,892 for "SKIPPER" for a variety of goods in Class 28; 2,931,614 for "CHELSEA" for a variety of goods in Class 28; 3,083,593 for "BARBIE COLLECTOR" for a variety of goods in Classes 28 and 41; 3,189,837 for "PINK LABEL" for a variety of goods in Class 28; 3,702,525 for "FASHIONISTAS" for goods in Class 28; 5,214,711 for "YOU CAN BE ANYTHING" for a | N/A |

iii

| | | |
|---|---|---|
| | variety of goods in Class 28; 5,233,292 for "BARBIE DREAMTOPIA" for a variety of goods in Class 28; 5,449,612 for "BABYSITTERS INC." for a variety of goods in Class 28; 6,097,805 for "COLOR REVEAL" for a variety of goods in Class 28; and 898,209 for " " for a variety of goods in Class 28 | |
| **Barbie Works** | U.S. Copyright Reg. Nos.: VA 2-038-351, covering the 2017 Barbie Packaging Branding for Consumer Products; VA 2-135-686, covering the 2016 Catalog Fall Mattel; and VA 945-179 covering CEO BARBIE | N/A |
| **Counterfeit Products** | Products bearing or used in connection with the Barbie Marks and/or Barbie Works, and/or products in packaging and/or containing labels bearing the Barbie Marks and/or Barbie Works, and/or bearing or used in connection with marks and/or artwork that are confusingly or substantially similar to the Barbie Marks and/or Barbie Works and/or products that are identical or confusingly or substantially similar to the Barbie Products | N/A |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) | N/A |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) | N/A |
| **Financial Institutions** | Any banks, financial institutions, credit card companies and payment processing agencies, such as PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), the Alibaba Group d/b/a Alibaba.com payment services (e.g., Alipay.com Co., Ltd., Ant Financial Services Group), PingPong Global Solutions, Inc. ("PingPong") and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants | N/A |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly by Alibaba, AliExpress, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise | N/A |

| | | |
|---|---|---|
| | deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise | |
| **Defendants' Frozen Accounts** | Defendants' Financial Accounts that were and/or are attached and frozen or restrained by the Financial Institutions pursuant to the TRO and/or PI Order, or which are attached and frozen or restrained pursuant to any future order entered by the Court in this action | N/A |
| **Plaintiff's Motion for Default Judgment** | Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendants filed on August 26, 2022 | TBD |
| **Nastasi Aff.** | Affidavit by Gabriela N. Nastasi in Support of Plaintiff's Motion for Default Judgment | TBD |

This matter comes before the Court by motion filed by Plaintiff for the entry of final judgment and permanent injunction by default as to Defendant Koptur Store ("Defaulting Defendant") for Defaulting Defendant's trademark infringement, trademark counterfeiting, copyright infringement, false designation of origin, passing off and unfair competition and related state and common law claims arising out of Defaulting Defendant's unauthorized use of Plaintiff's Barbie Marks and/or Barbie Works without limitation, in its manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying or offering for sale and/or selling and/or sale of Counterfeit Products.[1]

The Court, having considered the Memorandum of Law and Affidavit of Gabriela N. Nastasi in support of Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendant, the Certificate of Service of the Summons and Complaint, the Certificate of the Clerk of the Court stating that no answer has been filed in the instant action, and upon all other pleadings and papers on file in this action, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

### I. Defaulting Defendant's Liability

1) Judgment is granted in favor of Plaintiff on all claims properly pled against Defaulting Defendant in the Complaint;

### II. Damages Awards

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that because it would serve both the compensatory and punitive purposes of the Lanham Act's prohibitions on willful infringement, and because Plaintiff has sufficiently set forth the basis for the statutory damages award requested in its Motion for Default Judgment, the Court finds such an award to be

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Glossary.

reasonable and Plaintiff is awarded Fifty Thousand Dollars ($50,000.00) in statutory damages against Defaulting Defendant pursuant to Section 15 U.S.C. § 1117(c) of the Lanham Act and post-judgment interest ("Defaulting Defendant's Individual Damages Award");

### III.  Permanent Injunction

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Defaulting Defendant, its respective officers, agents, servants, employees, and all persons acting in concert with or under the direction of Defaulting Defendant (regardless of whether located in the United States or abroad), who receive actual notice of this Order are permanently enjoined and restrained from:

   A. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the Barbie Marks and/or Barbie Works and/or marks and/or artwork that are confusingly or substantially similar to, identical to and constitute a counterfeiting and/or infringement of the Barbie Marks and/or Barbie Works;

   B. directly or indirectly infringing in any manner Plaintiff's Barbie Marks and/or Barbie Works;

   C. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Barbie Marks and/or Barbie Works to identify any goods or services not authorized by Plaintiff;

   D. using Plaintiff's Barbie Marks and/or Barbie Works, or any other marks that are confusingly similar or substantially similar to the Barbie Marks and/or Barbie Works on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

  E. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to:

   i. Defaulting Defendant's User Accounts and/or Merchant Storefronts;

   ii. Defaulting Defendant's Assets; and

   iii. the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products by Defaulting Defendant and by its respective officers, employees, agents, servants and all persons in active concert or participation with any of them; and

  F. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Accounts, Merchant Storefronts or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order.

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendant must deliver up for destruction to Plaintiff any and all Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defaulting Defendant that infringe any of Plaintiff's trademarks, or other rights including, without limitation, the Barbie Marks and/or Barbie Works and/or artwork that are confusingly or substantially similar to the Barbie Marks and/or Barbie Works pursuant to 15 U.S.C. § 1118;

3) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Third Party Service Providers and Financial Institutions are permanently enjoined and restrained from:

    A. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to Defaulting Defendant's Assets from or to Defaulting Defendant's Financial Accounts; and

    B. knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A) through III(C)(1) above.

### IV. Dissolution of Rule 62(a) Stay

1) IT IS FURTHER ORDERED, as sufficient cause has been shown, the 30 day automatic stay on enforcing Plaintiff's judgment, pursuant to Fed. R. Civ. Pro. 62(a) is hereby dissolved.

### V. Miscellaneous Relief

1) Defaulting Defendant may, upon proper showing and two (2) business days written notice to the Court and Plaintiff's counsel, appear and move for dissolution or modification of the provisions of this Order concerning the restriction or restraint of Defaulting Defendant's Frozen Assets, Defaulting Defendant's Additional Assets and/or Defaulting Defendant's Additional Financial Accounts;

2) Any failure by Defaulting Defendant to comply with the terms of this Order shall be deemed contempt of Court, subjecting Defaulting Defendant to contempt remedies to be determined by the Court, including fines and seizure of property;

3) The Court releases the Five Thousand U.S. Dollar ($5,000.00) security bond that Plaintiff submitted in connection with this action to counsel for Plaintiff, Epstein Drangel, LLP, 60 East 42nd Street, Suite 1250, New York, NY 10165; and

4) This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order.

**SO ORDERED.**

                                                                              10/07/2022

_____
HON. VALERIE E. CAPRONI
UNITED STATES DISTRICT JUDGE